Norman CASSERLEY, Plaintiff—
Appellant,

v.

PACIFIC BELL (A Pacific
Telesis Company);  et al.,
Defendants—Appellees.

No. 01–55437.

D.C. No. CV–00–00450–JNK(LSP).

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 28, 2002.

Before FARRIS, W. FLETCHER, and
FISHER, Circuit Judges.

MEMORANDUM **

Norman Casserley appeals pro se the district court's judgment of dismissal for lack of subject matter jurisdiction of his action alleging that his telephone service was wrongfully disconnected. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir.2001), and we affirm.

Because the "no disconnect" rule, 47 C.F.R. 54.401(b) (1997), was declared invalid and removed by the Federal Communications Commission, the district court was correct in concluding that it lacked subject matter jurisdiction arising from this regulation. *See* 64 F.R. 60349, 60357–60358; *see also Texas Office of Public Utility Counsel v. FCC*, 183 F.3d 393, 421–24 (5th Cir.1999) (holding that the FCC exceeded its jurisdiction when it imposed the "no disconnect" rule). Further, Casserley's first amended complaint did not provide an alternative basis for subject matter jurisdiction. *See Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir.2001) (stating that court is not required to accept as true conclusory allegations of law). Also, the district court did not abuse its discretion in denying Casserley's motion for reconsideration. *See Kona Enter. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

